C. N. McMillan, Appellant, v. L. H. Miller, Appellee.

INTOXICATING LIQUORS: Injunction—Presumption from Finding of Liquor. In an action to enjoin the maintenance of a liquor nuisance, where 36 quarts of whisky and 96 quarts of beer were found in defendant's resident garage, the presumption, under Sec. 2427, Code, 1897, as amended by Ch. 323, Acts 37 G. A., was that it was kept for the purpose of illegal sale; and the mere denial of the defendant that the liquor was kept for sale, and was intended only for private use, was insufficient to overcome the statutory presumption.

*Appeal from Woodbury District Court.*—George Jepson, Judge.

October 16, 1919.

Rehearing Denied January 26, 1920.

Plaintiff appeals from a judgment dismissing his petition praying that the defendant Miller be permanently enjoined from maintaining a liquor nuisance in Sioux City.— *Reversed.*

*John F. Joseph,* for appellant.

*Sears, Snyder & Gleysteen,* and *Vail E. Purdy,* for appellee.

Stevens, J.—The record does not disclose direct evidence of sales by the defendant. Plaintiff relies upon the presumption arising from proof of the possession of an unusual quantity of intoxicating liquors in a private dwelling house or a dependency thereof. On November 27, 1918, defendant's residence and garage, situated on the same lot, were searched by a police officer, and 36 quart bottles of whisky and 4 large gunny sacks of beer, containing about 96 quarts, were found and removed from a separate, locked apartment in the garage. Two bottles of beer were found

in the family ice box, 9 bottles in a sack in the basement, also a decanter of whisky on the sideboard, and a quart bottle of gin in a room on the second floor of the residence. Twenty-four bottles of the whisky and all of the beer taken from the garage were purchased by defendant of a man by the name of Stearns, and delivered on the day the liquor was seized. Defendant, who was the only witness called in his behalf, testified that he paid $140 for the liquor. The defendant is the owner of several taxicabs, which he keeps in the garage, one stall of which, when not in use, is leased to a party who has a key to the outside door. Defendant denied ever having sold liquor contrary to law, and asserted that he had purchased the liquor solely for the private use of himself and family; that he had, for many years, been a moderate, habitual user of liquor; and that the quantity in question would have lasted from 9 to 12 months.

Section 2427. of the Code provides that:

"* * * The finding of intoxicating liquors in the possession of one not legally authorized to sell or use the same, except in a private dwelling house which does not include or is not used in connection with a tavern, public eating house, restaurant, grocery, or other place of public resort, or the finding of the same in unusual quantities in a private dwelling house or its dependencies *of any person keeping a tavern, public eating house, grocery, or other place of public resort,* shall be presumptive evidence that such liquors are kept for illegal sale. * * * "

This section was amended by the thirty-seventh general assembly, Chapter 323, by striking therefrom the words above italicized, so that the statute as amended makes proof of the finding of an unusual quantity of intoxicating liquors in a private dwelling house or its dependencies presumptive evidence that same was kept for illegal sale. Counsel for appellee in argument treats the garage as a dependency of the dwelling house.

In the recent case of *McMillan v. Anderson,* 183 Iowa 873, it was held that 10 gallons of whisky, found in the attic of a private dwelling house, constituted an unusual quantity, and that a presumption arose that same was kept for illegal sale. In that case, the defendant testified that he had the liquor for the personal use of himself and family, and denied keeping the same for illegal sale.

Defendant was at his taxicab stand in front of the West Hotel in Sioux City when he purchased the liquor. Later, Stearns notified him by phone that he was ready to deliver the goods, and defendant went home, unlocked the garage, and Stearns drove in with the liquor. This was about 9 o'clock, and the liquor was purchased between 4 and 5 in the afternoon. Stearns had the liquor with him when defendant purchased it, but it was paid for when delivered at the garage. The quantity of liquor was doubtless very much larger than is usually kept in private dwelling houses or their dependencies in this state. If defendant is to be believed, he had 12 quarts of whisky and several bottles of beer and other liquor on hand at the time the purchase in question was made.

Under all of the circumstances of this case, something more than the denial of the defendant that the liquor was kept for sale, and his statement that it was intended only for private use, was necessary to overcome the statutory presumption. It does not satisfy. He had sufficient liquor on hand at the time of the last purchase to supply the needs of private consumption for a considerable length of time. In our opinion, a permanent injunction should have been granted, as prayed. The decree dismissing the petition will, therefore, be reversed, and cause remanded for decree in harmony herewith.—*Reversed.*

Ladd, C. J., Weaver and Gaynor, JJ., concur.